NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SBP LLLP, an Idaho limited liability limited partnership; JRS PROPERTIES III LP, an Idaho limited partnership; and J.R. SIMPLOT FOUNDATION, INC., an Idaho corporation<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>HOFFMAN CONSTRUCTION COMPANY OF AMERICA, an Oregon corporation,<br><br>Defendant-Appellant. | No. 22-35150<br><br>D.C. No. 1:19-cv-00266-DCN<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Argued and Submitted August 23, 2023
Portland, Oregon

Before: BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Hoffman Construction Company contracted with Appellees—three affiliated companies of agribusiness J.R. Simplot Company (collectively, Simplot)—to build Simplot a headquarters in Boise, Idaho. A dispute arose concerning reimbursement of costs Hoffman incurred during construction delays, and after Simplot repeatedly declined to mediate the dispute, Hoffman initiated arbitration proceedings seeking roughly $4.7 million for alleged breach of contract. Simplot sued in state court to stay arbitration, and Oregon-based Hoffman removed the case to federal court.

The parties' contracts are modified versions of two American Institute of Architects (AIA) contract templates (A121 and A133) that incorporate by reference a separate AIA form of general contract terms and conditions (A201). The main question on appeal is whether the contracts, as modified, incorporate A201's standard arbitration provisions. The district court concluded that they do not, ultimately basing its conclusion on parol evidence. It entered judgment for Simplot and awarded Simplot attorneys' fees and costs. Hoffman timely appealed both the judgment and the fee and costs awards.

Hoffman makes a four-step argument on appeal. First, section 1.2 of each signed contract incorporates the entirety of the modified A201 form the parties attached to each contract when it was signed. Second, the parties made other modifications to those A201 forms, but never removed the standard arbitration clauses from them. Third, because section 1.2 of the signed contracts therefore

2

unambiguously incorporates those arbitration clauses, the district court erred when it based its conclusion to the contrary on parol evidence from the contracts' drafting history. Fourth, even if the court did consider parol evidence, in the aggregate that evidence compels a conclusion that the parties agreed to arbitrate disputes.

A determination whether the parties' contracts contain valid arbitration agreements is reviewed de novo under Idaho law, with the burden on Hoffman as the party that argues they do. *Reichert v. Rapid Invs., Inc.*, 56 F.4th 1220, 1226–27 (9th Cir. 2022) (per curiam). Determining whether a contract provides for arbitration begins with a contract's plain terms, and it ends there unless the language at issue is ambiguous. *Burns Concrete, Inc. v. Teton Cnty.*, 529 P.3d 747, 754 (Idaho 2023). If a court concludes an ambiguity exists, it must try to resolve it first by analysis of other language in the executed contract before finally turning to parol evidence as a last resort. *Steel Farms*, *Inc. v. Croft & Reed, Inc.*, 297 P.3d 222, 229 (Idaho 2012).

Section 1.2 of the contracts Hoffman and Appellees signed incorporates a modified A201 form. It is undisputed that the modified A201 forms were attached to two of the contracts at the time they were signed. For the third contract, while the modified A201 form may not have been physically attached to the contract at the time of signing, Simplot's own representative testified that trial exhibit number 2017, which included a modified A201 form, was the final third contract. Thus, it is undisputed that the third contract incorporated by reference the modified A201

3

that appeared in trial exhibit number 2017. And no party disputes the terms of the three modified A201 forms. Each of those modified A201 forms contains the following two sections:

> § 4.6.1 Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration. …
>
> § 4.6.2 Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect.

Simplot does not dispute that the modified version of the A201 forms (which we have determined were incorporated by reference) contained those terms.

Rather than dispute that the modified A201 forms require arbitration, Simplot instead argues that those forms are not what section 1.2 of the signed contracts is referencing when it expressly incorporates "the AIA A201 … General Conditions as modified." Simplot seems to take the position that the "modified" A201 conditions incorporated by section 1.2 are some unwritten set of conditions created by the parties' negotiations, but apparently never memorialized into a final writing.

As an initial matter, Simplot's position is difficult to reconcile with the fact that, for the first two contracts, Simplot itself provided a set of modified A201 conditions attached to the contracts when it sent the contracts (and attached conditions) to Hoffman to sign. If those were not the "modified" conditions

4

referenced in the contract, then why send them with the contract? But even beyond that, Idaho law requires that incorporated terms in a contract be both "adequately identified" and "readily available for inspection by the parties" when the contract is signed. *City of Meridian v. Petra Inc.*, 299 P.3d 232, 242 (Idaho 2013) (citing *Harris, Inc. v. Foxhollow Constr. & Trucking, Inc.*, 264 P.3d 400, 416 (Idaho 2011)). For the first two contracts, the modified A201 conditions that Simplot sent to Hoffman along with the contracts to be signed easily fit those requirements. Although there was no evidence showing that the modified A201 was transmitted along with the third contract for signing, the undisputed evidence shows that the modified A201, which was incorporated by reference into the third contract, also fit those requirements. Indeed, Simplot's representative testified that he received the modified A201 as part of the final signed contract. In contrast, Simplot's ambiguous unwritten conditions clearly don't meet the incorporation-by-reference requirements. The written A201 forms "as modified" by the parties are the ones referenced and incorporated by section 1.2 of the signed contracts.

The lack of ambiguity in the arbitration provisions of those written forms is dispositive for determining whether the parties agreed to arbitrate disputes and whether that agreement to arbitrate extends to the dispute Hoffman has with Simplot. Under Idaho law, no amount of parol evidence can contradict any unambiguous term of a writing that the parties intended to be a final, complete, and exclusive statement

5

of their agreement. Idaho Code § 28-2-202. And this conclusion is strengthened by Idaho's strict standards for using parol evidence when a contract has a merger clause, *see Steel Farms*, 297 P.3d at 230, as the parties agree each of the contracts between Hoffman and Simplot does. Here, the arbitration provisions that remained in the A201 forms "as modified" by the parties required the parties to arbitrate this dispute, and the district court erred in concluding otherwise.

Upon remand, the district court shall enter an order pursuant to Section 3 of the Federal Arbitration Act, "stay[ing] the trial … until … arbitration has been had in accordance with the terms of the" parties' three agreements. 9 U.S.C. § 3. The district court may also enter any further orders consistent with this disposition, including dissolving or modifying any of its prior orders staying arbitration and granting attorneys' fees and costs, or entering new orders regarding attorneys' fees and costs.

**REVERSED AND REMANDED.**